ADELE G. THAYER *vs.* NATHANIEL THAYER, trustee.

Suffolk. March 26, 1879. — July 10, 1880. AMES & LORD, JJ., absent.

A widower devised the residue of his estate to his brother, in trust, to take from the income what he should deem necessary for the support and education of the testator's only son during his minority; to add the excess of income over the sum expended to the principal of the fund; and, upon the son's coming of age, to pay over to him, for his own use, one half of the principal with accumulations, the other half to be held in trust to pay over the entire income to the son during his life, and, at his death leaving issue, to transfer the principal to such issue as he should by will direct, or, in default of such issue, to the son's children in equal shares; in case of the son's death before coming of age, or of his subsequent death leaving no issue, the property then held in trust was to go to the trustee. The testator subsequently made a codicil to his will, which, after reciting that he was about to marry C., and making provision for her, proceeded as follows: "In case I shall leave any child, or children, or posthumous child, born of C., then, and in such case, I give to each and every such child the sum of $250,000, the same to be held in trust by my brother until such child attains the age of twenty-one years, and if daughter or daughters, the same is to be held in trust so long as they shall live, and the income only to be paid to them for their own sole and separate use, and if son or sons, one half, with the accumulated income, to be paid over to them, and the other half to be held in trust, on the same terms as the property I have left my son in my will." *Held*, that the reference to the will in the codicil governed the provisions for daughters as well as those relating to sons; that the trustee could devote such portion of the income as was needed for the support and education of a daughter during her minority; that the residue should be added to the principal; that, after a daughter came of age, she was not entitled to any portion of the accumulated income, or to have the trust terminated, but only to the income during life of the principal and accumulated income, with a power of disposal by will among her issue, if any.

BILL IN EQUITY, filed January 21, 1879, alleging that the plaintiff's father, John E. Thayer, died in 1857, leaving a will and codicil, which were duly admitted to probate; that by the will certain provisions were made for the testator's then only child, Ebenezer Francis Thayer, who had since died under age and unmarried; that by the codicil, dated September 25, 1855, the testator, after reciting that a marriage was about to be solemnized between himself and Cornelia Adeline Granger, made the following provisions: "In case I shall leave any child or children, or posthumous child, born of said Cornelia Adeline, then, and in such case, I give to each and every such child the sum of two hundred and fifty thousand dollars, the same to be

held in trust by my brother, Nathaniel Thayer, until such child attains the age of twenty-one years, and if daughter or daughters, the same is to be held in trust, so long as they shall live, and the income only to be paid to them for their own sole and separate use, and if son or sons, one half, with the accumulated income, to be paid over to them, and the other half to be held in trust, on the same terms as the property I have left my scn, Ebenezer Francis Thayer, in my will."

The bill further alleged that the marriage referred to in this codicil was duly solemnized on October 2, 1855; that the plaintiff was the only issue of the marriage, having been born on November 20, 1857, after the decease of the testator; that the legacy of $250,000, given in said codicil for her benefit, was duly paid to the defendant as trustee, on June 14, 1858; that when the plaintiff became of age there was in the hands of the defendant as trustee, in addition to the principal, the sum of $512,770, which represented the accumulated income of the trust fund.

The bill also alleged that the plaintiff was entitled to the whole of the income during her minority; that the same ought now to be paid to her; that, as she was entitled to the income of the principal during her life, with power of disposal by will, and as, in default of such disposal, the principal vested in her heirs at law, there was no further occasion ·for the intervention of a trustee, and the principal ought to be paid to her.

Annexed to the bill were copies of the will and codicil, the material parts of which, not above set forth, appear in the opinion.

The trustee answered, admitting the facts set forth in the bill; but denying that the plaintiff was entitled to more than the income of the principal and accumulated income, with power of disposal among her children by will.

The case was heard on the bill and answer by *Endicott*, J., and reserved for the consideration of the full court.

*W. G. Russell & W. Minot, Jr.*, (*J. L. Thorndike* with them,) for the plaintiff. 1. Nothing is to be found in the codicil which affects the plaintiff's legacy by reference to the will, or which requires or justifies any such reference for the ascertainment of her rights and interest. The provision for a daughter ends with the words " separate use," and is full, clear, and unambiguous.

What follows applies only to a son's legacy. The first words used by the testator are words of absolute gift, " I give to each and every such child the sum of $250,000." This gift is restricted by what follows, but, except so far as it is thus restricted, the absolute gift prevails. *Saunders* v. *Vautier*, Cr. & Phil. 240. *Lassence* v. *Tierney*, 1 Macn. & Gord. 551. *Mayer* v. *Townsend*, 3 Beav. 443. *Grant* v. *Grant*, 3 Yo. & Col. Exch. 171. *Kellett* v. *Kellett*, L. R. 3 H. L. 160. *Josselyn* v. *Josselyn*, 9 Sim. 63. *Holden* v. *Blaney*, 119 Mass. 421. The words next used are, " the same to be held in trust by my brother, Nathaniel Thayer, until such child attains the age of twenty-one years." These words, restricting the previous gift, do not deprive the daughter of the beneficial interest in it which had already been given to her, but cut down the gift only by vesting the legal interest in the trustee during her minority. The gift is in terms to the child and not to the trustee, and in this regard it stands in marked distinction from the other gifts in the will and codicil. If there were no other provision applicable to her minority, the right to the income during that period would have vested in her at the testator's death, the legal estate only being in the trustee. The next words are, " and if daughter or daughters, the same [the legacy of $250,000] is to be held in trust so long as they shall live, and the income only to be paid to them for their own sole and separate use," and then comes the provision for sons. The duration of the trust for daughters is " so long as they shall live ; " there is nothing to limit it to the time after they attain twenty-one. The trust expressly is that the income shall be paid to them. The plaintiff is therefore entitled to the income which has accumulated during her minority. *Williams* v. *Bradley*, 3 Allen, 270. *Montgomerie* v. *Woodley*, 5 Ves. 522. *In re Peek's Trusts*, L. R. 16 Eq. 221. *Grant* v. *Grant, ubi supra. Nicholls* v. *Osborn*, 2 P. Wms. 419. *Taylor* v. *Johnson*, 2 P. Wms. 504.

2. The trust ceases at the death of the daughter. There is no provision for her issue, and no gift over. The absolute gift to the daughter takes effect, except so far as it is restricted by the direction that the legacy shall be held in trust during her life. Subject to the trust for her life, the legacy belongs to her, and is subject to her disposal by will or deed. *Campbell* v.

*Brownrigg*, 1 Phil. 301. *Ring* v. *Hardwick*, 2 Beav. 352. *Winck-worth* v. *Winckworth*, 8 Beav. 576. *Whittell* v. *Dudin*, 2 Jac. & Walk. 279, and cases above cited.

The right to the income for life, and, subject to that, the legacy itself, being vested absolutely in the daughter, she has the whole beneficial interest in the legacy, and is therefore entitled to determine the trust and call for a transfer of the fund. *Inches* v. *Hill*, 106 Mass. 575. *Barford* v. *Street*, 16 Ves. 135. *Frederick* v. *Hartwell*, 1 Cox Ch. 193. *Woodmeston* v. *Walker*, 2 Russ. & Myl. 197. *Josselyn* v. *Josselyn*, 9 Sim. 63. *Saunders* v. *Vautier*, Cr. & Phil. 240. *Devall* v. *Dickens*, 9 Jur. 550. *Gardiner* v. *Young*, 34 L. T. (N. S.) 348. *Campbell* v. *Home*, 1 Yo. & Col. Ch. 664. *Firmin* v. *Pulham*, 2 DeG. & Sm. 99.

3. The reference in the codicil to the will relates only to the half of a son's legacy that was to continue in trust after the division. Examining the will and attempting to apply the trusts to the codicil, this position is confirmed. The will contains two distinct trusts : 1. A trust of the whole residue during E. F Thayer's minority ; 2. A trust of one half of the residue and accumulations, which begins upon his attaining twenty-one, and provides for the ultimate transfer of that half, after his death, among his issue, or, in default of issue, to the defendant. The reference in the codicil is to the latter of these two trusts. The fund to be held in trust is "the other half" of a son's legacy, and the trust referred to is naturally that of the half of the residue that is to be held in trust for E. F. Thayer after the division, and not the trust of the whole residue, which was to furnish maintenance and an expenditure of $50,000 per annum out of the income during minority. But if the grammatical construction could be so strained, the application of the reference to the will to the daughter's legacy involves still greater difficulty. The reference to the trusts is general, and cannot be limited to some, or to such modification of them as the defendant chooses. If the reference applies during minority, we have a trust to pay $50,000 per annum out of the income of $250,000, and accumulate the rest, and at twenty-one to divide principal and accumulations, and to pay over one half and retain the other in trust forever after for certain purposes. This would be repugnant, appended to an express trust by which the income

only is to be paid over, and which is limited to the daughter's life. If the reference is only to the trusts after E. F. Thayer attained twenty-one, then there is no trust for accumulation. And in no event can the trust, whatever it be, extend beyond the daughter's life to which it is in terms limited.

*R. Olney*, for the defendant.

ENDICOTT, J. The decision of the questions raised in this case depends upon the construction to be given to the clause in the first codicil to the testator's will, wherein he makes provision for after-born or posthumous children. As this clause and the other clauses of the codicil refer to his will, a brief recital of the provisions of the will, to which these clauses refer, is necessary.

When the will was made, in May 1855, the testator was a widower, having but one child, Ebenezer Francis Thayer, then in his eighteenth year. He had a large estate, and left numerous legacies to relatives and friends, and to public institutions; and all the residue, both real and personal, he left to his brothers, Nathaniel Thayer and Christopher T. Thayer, in trust for the use and benefit of his son. The trustees, whom he also appoints as guardians, are requested to place at the disposal of his son, during his minority, the sum of six thousand dollars annually, for charitable purposes; and having given directions in regard to the use and occupation of his estates in Boston and Brookline, not necessary to recite, he orders and directs his trustees to take from the income of the trust estate what they may think necessary for the support and education of his son, and for the charitable purposes above named, and for the repairs and other expenses upon his houses and buildings, and for the labor upon his estate in Brookline, and for all taxes and other expenses, a sum not exceeding fifty thousand dollars in any one year, and all the income not needed for these objects to be added to the principal and duly invested, until his son attains his majority. If he should die before reaching the age of twenty-one years, then all the estate so held in trust the testator gives to his brother, Nathaniel Thayer, absolutely. But if the son attains his majority, one half the trust estate and one half the accumulations thereon during his minority are to be paid over to him absolutely, the

other half to remain in trust, and the income, as it shall accrue, to be paid to him during his life; and upon his decease, leaving issue, the half so held in trust shall be paid over to his children equally, or to such of his issue as he may direct in his last will, and, in default of issue, to Nathaniel Thayer absolutely.

The scheme of the testator in providing for his son is simple and plain, though the order in which the provisions are stated is somewhat confused. He intended that during his son's minority a certain sum should be placed in his hands for charitable purposes; that such sum as the trustees deemed proper should be devoted to his support and education; that the estates in Brookline and Boston, which were to be his son's, should be suitably maintained; and that the rest of the income remaining each year should be added to the trust fund, until he reached the age of twenty-one years. The attainment of his majority marked a period in the trust, when a change was to take place in the management of the fund, and a large amount of money was to be paid to the *cestui que trust*. The accumulations were then to cease. One half the whole trust fund was to be the son's absolutely, to use and dispose of at his pleasure; the other half to remain in trust, he to receive the income during life, and at his death the principal to go to his children, with a limited power in him to point out by will to whom among his children or issue it should be paid over.

While the testator thus intended that his son should have a large estate absolutely within his control, if he attained twenty-one years of age, and an ample income from a trust fund, with remainder to his children, he in substance says: " But if my son should die before he is twenty-one, I prefer that all the property should descend to my brother, Nathaniel Thayer, rather than to the heirs at law of my son; and if he should die after he is twenty-one, leaving no issue, I also prefer that all the trust fund, not given to my son absolutely, shall go to my brother Nathaniel Thayer, and not to the heirs at law of my son." The testator does not seem to have contemplated the possibility of his son marrying, having issue, and dying before reaching the age of twenty-one years.

By the codicil to his will, which was made on September 25 of the same year, it appears that his situation had changed, and

that he intended in a few weeks to be again married. And in case he should die before his intended marriage, he gives two hundred and fifty thousand dollars in trust to his brother Nathaniel Thayer, for the benefit of his intended wife, the income to be paid to her during life, and upon her decease the principal sum "shall be paid over to the trustee or trustees, who are to hold by my will the rest and residue of my estate for the benefit of my son, and for other purposes, upon the same conditions, trusts and limitations as the rest of my property is held;" and in case he is married, then, instead of the previous provision, he gives in trust to Nathaniel Thayer the sum of five hundred thousand dollars, the income of the same to be paid over to his wife during her life, with power in her to dispose of one hundred thousand dollars of the same by will; and upon her decease, the principal is to be paid over "as before directed, to the trustee or trustees, who are to hold the rest and residue of my estate."

He then makes the following provision for children that may be born of his intended marriage: "In case I shall leave any child or children, or posthumous child, born of said Cornelia Adeline, then and in such case I give to each and every such child the sum of two hundred and fifty thousand dollars, the same to be held in trust by my brother, Nathaniel Thayer, until such child attains the age of twenty-one years, and if daughter or daughters, the same is to be held in trust so long as they shall live, and the income only to be paid to them for their own sole and separate use, and if son or sons, one half, with the accumulated income, to be paid over to them, and the other half to be held in trust, on the same terms as the property I have left my son, Ebenezer Francis Thayer, in my will."

The plaintiff, a daughter of the testator, and only child of the second marriage, born after his decease, having arrived at the age of twenty-one years, brings this bill against the defendant, who holds the fund of two hundred and fifty thousand dollars, given to him in trust for her benefit under this clause, together with the accumulations thereon during her minority; and she contends that the income was payable to her as it accrued during her minority, and was not to become a part of the principal fund, and she is now entitled to receive it. She also

contends, that the principal sum of two hundred and fifty thou-
sand dollars was given for her benefit only; that she can dis-
pose of it by will, and in default of a will it would descend to
her heirs; that there is no further occasion for a trustee, and
the trust should be terminated, and the fund paid over to her.

The defendant, on his part, contends that he holds the fund
for the benefit of the plaintiff upon the same terms as the will
declared the property should be held, which the testator left to
trustees for the benefit of his son Ebenezer Francis Thayer;
that the accumulations during her minority have become a
part of the trust fund; that it is his duty under this provision
of the codicil to pay over to her for life the income of the fund,
as it now stands, and upon her decease to divide the sum equally
among her children, or among such of her issue as she may by
will direct.

It is to be observed that the concluding words of the clause
of the codicil, providing for posthumous children, viz. " on the
same terms as the property I have left my son, Ebenezer Fran-
cis Thayer, in my will," clearly refer to the provisions contained
in the residuary clause of the will, which establish a trust for
the benefit of his living son, and these provisions are thus made
by reference a part of the codicil. They are also directly con-
nected with, and are manifestly intended to refer to some, if
not to all, of the provisions which precede them, establishing
trusts in the hands of Nathaniel Thayer for the benefit of the
children by the intended marriage. Whether they refer to the
trusts previously declared for sons, or for daughters, or for
both, to whatever trusts they refer, Nathaniel Thayer is to hold
such trusts, upon the same terms, and is to execute and admin-
ister them in all essential particulars as the trust for the benefit
of Ebenezer Francis Thayer is to be held and administered.
That these words apply to the trust created under this clause,
for every son or posthumous son, we cannot doubt, because,
omitting the provision as to daughters, the clause would then
read, after naming the sum of two hundred and fifty thousand
dollars, " to be held in trust by my brother Nathaniel Thayer,
until such child attains the age of twenty-one years . . . . and
if son or sons, one half, with the accumulated income, to be
paid over to them, and the other half to be held in trust on the

same terms as the property I have left my son Ebenezer Francis Thayer in my will." The mention of the age of twenty-one years, and of the payment after that of one half, with the accumulations, and of the other half to remain in trust, followed by the words " on the same terms," &c., show unmistakably, and it is not denied by the plaintiff, that the testator intended to create a trust on the same terms, with the same privileges and limitations, for his future sons as he had for his living son. And the only question to be settled here is, did the testator intend that these words should apply as well to the gift in trust created for the benefit of a daughter, as to the gift for the benefit of a son of the second marriage.

What the testator intended is to be ascertained, if possible, from the language he has used in this clause, and if it is clear that he did not intend the concluding words to apply to the gift to daughters, that intention cannot be controlled or modified by the intentions expressed in other parts of the will or codicil in regard to the management or final disposition of the trust fund created in the residuary clause of the will. On the other hand, if it is clear, from the language used in the clause itself, explained by the reference to the will, that he did intend to put daughters on the same footing as sons in all respects, except that they should not have half of the trust fund absolutely at twenty-one years of age, we have no occasion to seek elsewhere for his intention. But if the language is capable of two constructions, and it is doubtful which he intended, we may refer to other portions of the will and codicil to determine the true construction and ascertain his intention. *Lassence* v. *Tierney*, 1 Macn. & Gord. 551. *Cummings* v. *Bramhall*, 120 Mass. 552. *Loring* v. *Sumner*, 23 Pick. 98, 103. *Metcalf* v. *Framingham Parish*, 128 Mass. 370.

Taking the whole clause by itself, in connection with that part only of the will to which it refers, a majority of the court is of opinion that the concluding words above quoted comprehend and attach themselves to each preceding provision, and that the trusts for daughters and for sons are to be held by the trustee on the same terms as the trust for Ebenezer Francis Thayer, excepting that the daughters are not to receive one half of the principal on arriving at twenty-one years of age.

Let us take the provisions in their order : " I give to each and every such child the sum of two hundred and fifty thousand dollars, the same to be held in trust by my brother Nathaniel Thayer until such child attains the age of twenty-one years." This applies in express terms to both sons and daughters. But the testator evidently did not intend that the trusts for either should terminate at that time ; for in the next sentence he provides that the trusts for daughters shall continue " so long as they shall live, and the income only to be paid to them ; " and that the trusts for sons shall continue in the one half of the accumulated fund not paid over to them at twenty-one years of age. We must presume that the testator had some purpose in using the words " until such child attains the age of twenty-one years," and in applying them equally to sons and to daughters. They are not to be rejected, as repugnant to the provisions which immediately follow, if we can find any cause for their insertion, or any explanation of their meaning, consistent with the other provisions of the clause. It is un-usual, and would be unnecessary, to create a trust to continue only until a child arrives at the age of twenty-one years, unless some change in the management of the trust at that time is intended. The appointment of a guardian would accomplish for the protection of a child all that could be secured by such a trust. But the attainment of twenty-one years of age was a marked period in the trust which the testator had created in his will for his son, to which he refers in this clause, when a change in its management was to occur, and one half of the principal was to be paid to him absolutely. This, in connec-tion with the concluding words of the clause, " on the same terms as the property I have left my son, Ebenezer Francis Thayer, in my will," discloses what was in the mind of the testator at the time, explains why he created a trust for both sons and daughters until they were twenty-one years of age, and shows that in making this provision, which, taken by itself, was unnecessary, he had a definite and distinct intention to establish a limit of a similar character, and for a similar purpose, in the trusts created for all the children of the intended marriage, as he had already established for his living son. Seeking, therefore, for the intention of the testator in the words

that he has used, and construing these words in connection with the closing sentence of the clause, we find that until sons or daughters attain the age of twenty-one years, the trusts created for their benefit shall be on the same terms as that created for his son Ebenezer Francis Thayer.

It is not denied by the plaintiff that the provision, " until such child attains the age of twenty-one years," applies to sons, because it is conceded that the terms of the trust for Ebenezer Francis Thayer apply to after-born sons ; but, although daughters are equally and indeed expressly included within its provisions, it is denied that it applies to them, because it cannot change or modify the subsequent provision, that the trust for daughters is to continue as long as they shall live, and must therefore be rejected. But the construction we give to the provision rejects no words of the testator, but gives to all an intelligent meaning, which bears directly upon the terms of the trusts made for the benefit of any future child.

If the testator intended that the trusts created under this clause of the codicil, for sons and daughters alike till twenty-one years of age, should be held on the same terms as the trust for his son created in the will, the conclusion would seem to follow that, in extending these trusts beyond the age of twenty-one, he also intended to extend them upon the same terms. And this intention is manifested in the language that he uses. Having declared trusts for both sons and daughters until they reach the age of twenty-one years, he now intends to extend these trusts beyond the period of majority, and to make a distinction between sons and daughters, and he does it in these words : " And if daughter or daughters, the same is to be held in trust so long as they shall live, and the income only to be paid to them for their own sole and separate use, and if son or sons, one half with the accumulated income to be paid over to them and the other half to be held in trust on the same terms as the property I have left my son Ebenezer Francis Thayer in my will." The whole of this portion of the codicil, which makes different provisions for sons and daughters, must be considered in ascertaining the intention of the testator as to each. He is still dealing with the trusts, which he has previously declared for daughters as well as for sons, and he has regard

to the state of things existing after they are twenty-one years of age, for he has already made provision for them before that period; and he expresses his intention in one sentence, which points out the distinction or difference he desires to make between sons and daughters, viz. that the daughters shall have the income only during their lives, and the sons shall have one half the principal and the income of the other half during their lives · but we find nothing in the language which indicates that the testator intended that so much of the fund as is to be held in trust for each after majority is not to be held upon the same trusts, and is not to be administered in the same manner. The words, "the income only to be paid to" the daughters, are significant, and, although inartificial words, point to the fact that the daughters are not to receive any of the principal, and mark the difference between them and the sons, who are to receive one half of the principal, the other half to remain in trust. This difference does not affect the character of the trusts declared for both, but relates only to the amounts which are thenceforth to be held in trust for each; and while sons are to have at that time the privilege of receiving a moiety of the principal, this privilege is denied to the daughters. There is nothing in the grammatical construction of the sentence which limits the application of the closing words, "on the same terms," &c., to the trusts created for sons, or which prevents their application to all preceding portions of the clause. They are the concluding words of the whole clause, and not merely of the sentence which immediately precedes them, and it is only by so applying them that full force can be given to all the words of the testator.

The construction for which the plaintiff contends rejects the words, "until such child attains the age of twenty-one years," because they can have no effect to modify the provision for daughters, which immediately follows, and declares that the sum to be held in trust for daughters shall remain in trust during their lives. But for reasons already given these words cannot be thus rejected, but have an intelligent meaning, and aid in disclosing the intent of the testator. Upon the same construction we should be forced to the conclusion, that the testator, while he intended that a trust should be established

for a daughter during her life, failed to make any provision for the remainder on her death. And it also rests upon the assumption that the testator had concluded all he had to say about daughters when he stated that the income only of the trust fund should be paid to them during life. But this construction can only be attained by asserting that the concluding words apply to sons, and not to daughters, and by dividing into parts the single sentence in which he expresses his intention as to both, and then construing that part relating to daughters by itself and independently, without reference to what precedes or what follows.

It further assumes that the testator, while making, not only in his will, but by reference in this very clause of the codicil, the most precise directions as to the disposition of the principal of the shares of any and all sons, has left the disposition of the principal of the share of a daughter to a mere implication from the gift to her of the income for life, or to an inference of intention from the use of the general words giving the sum of two hundred and fifty thousand dollars, which words apply equally to sons and to daughters, and which, so far as they apply to sons, are clearly not to have an unqualified effect. And the result is to give to a daughter the absolute title and unlimited power of disposition of the whole principal of her share, while the testator gives such title and power to any son in only one half of his.

Nor is there any difficulty in executing and carrying out, in all essential particulars, the trusts thus created for both daughters and sons, in the same terms as the trust for his son set forth in the will. The provisions, as to the maintenance of the two estates in Boston and Brookline, which were by the will to belong to the son, and as to the sum for charity which was personal to him, have no application to the trusts created in the codicil for daughters or sons of the second marriage. But the trustee could properly devote such portion of the income as was needed for the education and support of a daughter during minority, as well as of a son, and add what remained to the principal. And, instead of paying over to the daughter one half of the principal on attaining the age of twenty-one, the trustee should retain the whole fund with its accumulations,

and pay over the income only during her life. In the case of a daughter, as well as of a son, from the time of attaining majority, the property remaining in trust would be held upon the same terms in every respect as the property given by the will in trust for the benefit of Ebenezer Francis Thayer.

*Bill dismissed.*